**IN THE DISTRICT COURT OF THE UNITED STATES**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**ASHEVILLE DIVISION**

**CIVIL NO.  1:08CV357**


| | |
|---|---|
| **DISH NETWORK L.L.C.; ECHOSTAR** ) <br> **TECHNOLOGIES L.L.C.; and** ) <br> **NAGRASTAR L.L.C.,** ) <br> ) <br> **Plaintiffs,** ) <br> ) <br> **Vs.** ) <br> ) <br> **ANTHONY (TONY) JAMES HIPPS;** ) <br> **MICHAEL STROUPE; and d/b/a** ) <br> **DIGITAL INNOVATIONS, a fictitious** ) <br> **name for an Unregistered North** ) <br> **Carolina business,** ) <br> ) <br> **Defendants.** ) <br> _____ ) | **WRIT OF SEIZURE** <br> **AND IMPOUNDMENT** |


**TO:  THE UNITED STATES MARSHAL FOR THE WESTERN DISTRICT**
**OF NORTH CAROLINA**

An Order of the United States District Court for the Western District

for North Carolina having been signed in this Court for the seizure of

articles pursuant to the Digital Millennium Copyright Act, 17 U.S.C. § 1203

and other statutes, as therein provided,

**IT IS HEREBY ORDERED** that you forthwith seize, using force as

may reasonably be necessary, in the premises of Digital Innovations,

1201-6&7 South Post Road, Shelby, North Caolina, 28152, the following items:

1.      All of DISH Network's and/or EchoStar Technologies' and/or NagraStar's access cards, receivers, and/or signal theft devices that have been modified or manufactured without authorization, reprogramming equipment, and equipment used in the alteration and/or modification of said devices, including, but not limited to, Free to Air (FTA) receivers that have been modified or that are in the process of being modified (FTA receivers that are no longer in their original condition and/or that have been unpackaged) and so called "virgin" access cards that are in the possession, custody, or control of Defendants or their employees, agents, representatives and all other persons acting or claiming to act on their behalf or under Defendants' direction or authority, and all persons acting in concert or in participation with Defendants.

2.      All records, in any form (including electronic form), that evidence, refer, or are related to altered or modified NagraStar access cards, access cards that have been programmed with pirate software, receivers, FTA Receivers, so called "virgin" access cards, or other

unlawful devices and any components thereof, as described herein;
communications or correspondence with suppliers, including any
suppliers of FTA receivers, or customers of pirating devices,
software, hardware or other equipment, or services or know-how
concerning access card programming, box key extraction, and DISH
Network signal piracy; the identity of any manufactures, suppliers,
including any suppliers of FTA receivers or customers of access card
programming, box key extraction devices or receiver modification
programming services; and the quantity of all such devices in
inventory and sold by Defendants.

3. All cash, checks, and other forms of payment located at the
Defendants' business address other than any cash or checks
physically located on the person of Defendants or any employee or
person acting on behalf of Defendants.

4. All computers or electronic storage drives or back up tapes in the
possession, custody, or control of Defendants or their employees,
agents, representatives, and all other persons acting or claiming to
act on their behalf or under Defendants' direction or authority, and all
persons acting in concert or in participation with Defendants that

contain information related to Defendants' sales of unlawfully altered or modified DISH Network and/or NagraStar access cards, EchoStar Technologies receivers, or any other unlawful devices or services as described herein, with Defendants retaining the right to move this Court to seek return of said computers only after Plaintiffs are given sufficient time to examine the contents of same and, at their option, to make mirror image copies of any computer or electronic storage drives or back up tapes.

**IT IS FURTHER ORDERED** that Plaintiffs, their agents, their attorneys, and/or persons under their supervision shall be permitted to accompany the United States Marshal and his or her deputies at the seizure and shall identify, inventory, and assist in taking possession of the items that are seized pursuant to this Writ.

**IT IS FURTHER ORDERED** that Plaintiffs and/or their agents and/or their attorneys shall act as substitute custodian of any and all property seized pursuant to this Writ and shall hold harmless the United States Marshal's Service from any claims arising from any acts, incidents, or occurrences in connection with the seizure and possession of the seized property, including any third-party claims, and the United States Marshal's

Service and/or state, county, or local law enforcement authorities shall be discharged of his or her duties and responsibilities for safekeeping the seized property.

**IT IS FURTHER ORDERED** that upon transfer of custody of the seized property to the substitute custodian by the United States Marshal, the same shall not be liable for any loss occurring while it remains in the custody of the substitute custodian.  The substitute custodian shall inventory and store the seized items in a secure manner pending a further order of this Court.  The substitute custodian may move the seized property to the custodian's premises, and such materials may be copied and mirror images made of the seized computers.  Thereafter, the seized property shall not be moved or transferred to any party or person other than the United States Marshal or as provided by further order of this Court; provided that in case of emergency, the substitute custodian may remove the seized property from its premises and take any other necessary measures, subject to prompt notification to the  United States Marshal of such removal or measure.

**IT IS FURTHER ORDERED** that the United States Marshal in accomplishing such seizure shall employ whatever reasonable force is

necessary to break open and enter the premises of Defendants and/or the locations to be searched, regardless of whether said premises and/or locations are locked or unlocked, or occupied or unoccupied, and to inspect the contents of any room, closets, cabinets, vehicles, containers, packages, or desks and to seize any equipment utilized to manufacture the infringing items.

**IT IS FURTHER ORDERED** that the United States Marshal in accomplishing such seizure shall employ whatever reasonable force is necessary to protect the Plaintiffs and/or their agents and/or their attorneys and/or persons under their supervision.

Anyone interfering with the execution of this Writ shall be subject to arrest by the United States Marshal.

Signed: August 5, 2008,

Lacy H. Thornburg
United States District Judge

SEALED DOCUMENT with access to Specified Parties/Defendants