# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:08cv357

| | |
|---|---|
| DISH NETWORK L.L.C.; ECHOSTAR TECHNOLOGIES L.L.C.; and NAGRASTAR L.L.C., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| Vs. | )     **ORDER** |
| ANTHONY (TONY) JAMES HIPPS; and MICHAEL STROUPE d/b/a/ Digital Innovations, a fictitious name for an unregistered North Carolina business, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**THIS MATTER** is before the court on **three** identical Motions for Partial Summary Judgment (#s 38, 41, & 42). It appears that the second and third motions were filed in error as each motion seeks summary judgment as to defendant James Hipps. The second and third motions will be summarily stricken. Review of the remaining Motion for Partial Summary Judgment (#38) reveals that plaintiffs seek entry of judgment against Defendant Hipps, who is proceeding *pro se.*

In accordance with <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), Defendant Hipps, who is proceeding *pro se*, is cautioned that he carries a heavy burden in responding to a motion for summary judgment. Rule 56(e), Federal Rules of Civil Procedure, provides:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must

> set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

This language means that if Defendant Hipps has any evidence to offer to show that there is a genuine issue for trial, he must now present it to this court in a form which would otherwise be admissible at trial, <u>i.e.</u>, in the form of affidavits or unsworn declarations. An affidavit is a written statement under oath; that is, a statement prepared in writing and sworn before a notary public. An unsworn statement, made and signed under the penalty of perjury, may also be submitted. Affidavits or statements must be presented by plaintiff to this court by July 20, 2009, and Defendant Hipps must attach a certificate indicating that he has served all parties with copies of such materials and arguments. As stated by Rule 56(e), defendant's failure to respond may result in a judgment being entered against him by way of summary judgment.

## ORDER

**IT IS, THEREFORE, ORDERED** that plaintiffs' Motions for Partial Summary Judgment (#s 41 & 42) are **STRICKEN**, and Defendant Hipps file his response and any evidence responsive to plaintiffs' Motion for Partial Summary Judgment (#38) not later than July 20, 2009, as herein instructed.

Signed: July 2, 2009

Dennis L. Howell
United States Magistrate Judge