IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:08cv357

| | |
|---|---|
| DISH NETWORK L.L.C.; ECHOSTAR TECHNOLOGIES L.L.C.; and NAGRASTAR L.L.C., <br><br> Plaintiffs, <br><br> Vs. <br><br> ANTHONY (TONY) JAMES HIPPS; and MICHAEL STROUPE d/b/a/ Digital Innovations, a fictitious name for an unregistered North Carolina business, <br><br> Defendants. | **CONSENT JUDGMENT** |

**THIS MATTER**, having come before the court on plaintiffs' Motion for Stipulated Judgment Against Defendant, Michael Stroupe (#35), and it appearing from the Stipulation in Support of Plaintiffs' Motion for Entry of Judgment Against Defendant that Defendant Stroupe has in a verified pleading admitted the statutory violation and agreed to entry of judgment against him, and it appearing to the court from a review of all the pleadings that the proposed compensatory and injunctive relief agreed to by the parties is both just and reasonable, and finding in accordance with Rule 54(b), Federal Rules of Civil Procedure, that there is no just reason to delay

entry of such judgment in this multiple defendant case,

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** that

(1) plaintiffs' Motion for Stipulated Judgment Against Defendant, Michael Stroupe (#35) is **ALLOWED** and the Stipulated Judgment is **APPROVED** by the court;[1]

(2) pursuant to Title 47 U.S.C. § 605(e)(3)(C) an award of monetary damages is entered against Defendant Michael Stroupe, in the total amount of $100,000.00 for violations of 47 U.S.C. § 605(e)(4);

(3) pursuant to Title 47 U.S.C.§ 605(e)(3)(B)(i) a Permanent Injunction is entered against Defendant Michael Stroupe, and all other persons[2] acting or claiming to act on his behalf or under his direction or authority and all persons acting in concert or in participation with him are hereby **PERMANENTLY ENJOINED** from:

(a) manufacturing, importing, offering to the public, providing, modifying, or otherwise trafficking in any EchoStar Technologies receivers or so called "Free to Air" (FTA) receivers that have been

---

[1] The court notes that the proposed stipulated judgment was incorrectly submitted and filed as a separate docket entry rather than tendered through CyberClerk. Thus, the form of the Judgment differs from that stipulated to by the parties.

[2] Such judgment shall not be construed as dispositive of the claims now pending against co-defendant James Hipps.

modified without authorization, any NagraStar smart cards that have been modified without authorization, any DISH Network satellite pirating device regardless of form, including smart cards that have been programmed with DISH Network pirate software, so called "pirated modified receivers" or any other technology, product, service, software, device, component, or part thereof, including any device for utilization with Control Word Sharing or Internet Key Sharing ("IKS") technology, that:

(1) is primarily designed or produced for the purpose of circumventing the encryption protection contained in the software on NagraStar's access cards or contained within EchoStar Technologies' receivers or any other technological measure adopted by DISH Network, EchoStar Technologies and/or NagraStar that effectively controls access to copyrighted programming or effectively protects the exclusive rights afforded the owners of copyrighted programming;

(2) has only limited commercially significant purpose or use other than to circumvent DISH Network's encryption

access control protection or any other technological measure adopted by DISH Network, EchoStar Technologies and/or NagraStar that effectively controls access to copyrighted programming or effectively protects the exclusive rights afforded the owners of copyrighted programming;

(3) is knowingly marketed by Defendant Stroupe and/or others acting in concert with him for use in circumventing DISH Network's encryption access control protection or any other technological measure adopted by DISH Network and/or EchoStar Technologies and/or NagraStar that effectively controls access to copyrighted programming or effectively protects the exclusive rights afforded the owners of copyrighted programming.

(b) assembling, modifying, selling, advertising, marketing, possessing, transporting, and/or distributing through any means any FTA receiver, EchoStar Technologies receiver or NagraStar smart card that has been modified without authorization or any other electronic, mechanical, or other devices, including smart

cards, FTA receivers that have been programmed with pirate software, and the pirate software itself, the design of which renders them primarily useful for the purpose of the surreptitious interception of electronic communications and/or the unauthorized interception of DISH Network's satellite signals.

(c) assembling, modifying, selling, advertising, marketing, possessing, transporting and/or distributing through any means any type of FTA receiver, including but not limited to FTA receivers with smart card readers installed and including but not limited to FTA receivers with an Ethernet cord attachment which allows for a continual direct Internet connection with the FTA receiver such as the "nFusion" receiver or FTA receiver or so-called "dongle" designed or modified or programmed for utilization with IKS technology, where the Defendant or those acting with the Defendant are:

(1) Selling or distributing FTA receivers that are already pre-programmed with DISH Network pirate software; and/or

(2) Selling or distributing FTA receivers or other devices that

are designed or modified or programmed for use with IKS; and/or

(3) Programming the FTA receivers with DISH Network pirate software before distribution to the FTA receiver customers; and/or

(4) Distributing, in any manner, directly or indirectly, the DISH Network piracy software to the FTA receiver customers and others including but not limited to distributing the DISH Network piracy software by e-mail attachments or distributing the DISH Network piracy software by delivering the software contained on a software holding device; and/or

(5) Directing, in any way, the FTA receiver customers to piracy websites, piracy forums, and/or piracy chat rooms where the DISH Network pirate software is available (pirate websites); and/or

(6) Operating, either directly or indirectly, piracy websites, piracy forums, and/or piracy chat rooms where the DISH Network pirate software is available (pirate websites);

(7) Intentionally utilizing third parties to effectuate having the FTA receiver customer's FTA receiver ultimately programmed with DISH Network piracy software; and/or

(8) Subsidizing the pirate websites, including subsidizing the pirate websites through advertising on the pirate websites; and/or

(9) Utilizing website hyperlinks back and forth between any websites operated or controlled by Defendants and the piracy websites; and/or

(10) Selling or distributing peripheral devices which are of assistance to the FTA receiver customers to effectuate the unauthorized interception of DISH Network signals, including but not limited to card readers and dish antennas which are designed to receive premium channel satellite signals as opposed to true FTA signals.

Violations of the injunctive relief herein provided are punishable through contempt, sanctions for which may include an award of additional monetary damages, fees and costs, and/or incarceration.

Signed: July 2, 2009

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge