# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:08cv357

| | |
|---|---|
| DISH NETWORK L.L.C.; ECHOSTAR TECHNOLOGIES L.L.C.; and NAGRASTAR L.L.C., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| Vs. | )      **JUDGMENT** |
| ANTHONY (TONY) JAMES HIPPS; and MICHAEL STROUPE d/b/a/ Digital Innovations, a fictitious name for an unregistered North Carolina business, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**THIS MATTER** having come before the court in accordance with 28, United States Code, Section 636(c), and upon plaintiffs' Motion for Partial Summary Judgment (#38), seeking entry of judgment against Defendant Hipps, who is proceeding *pro se,* and having earlier advised Defendant Hipps in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and Defendant Hipps having failed to respond in any manner, and it appearing that plaintiffs are entitled to the judgment they seek as a matter of law, and

**IT FURTHER APPEARING** to the court from a review of all the pleadings that the proposed compensatory and injunctive sought by plaintiffs are both just and reasonable, and finding in accordance with Rule 54(b), Federal Rules of Civil Procedure, that there is no just reason to delay entry of such judgment in this multiple

-1-

defendant case inasmuch as a previous judgment has been entered against a co-defendant,

**IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED** that plaintiffs' Motion for Partial Summary Judgment (#38) is **ALLOWED,** and that final Judgment in favor of the Plaintiffs and against the Defendant, **ANTHONY (TONY) JAMES HIPPS**, is hereby granted and ordered and entered as follows:

1. Statutory damages of $245,000.00 pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II) for the Defendant's 102 violations of 47 U.S.C. § 605(e)(4);

2. Statutory damages of $5,000.00 pursuant to Title 47 U.S.C. § 605(e)(3)(C)(i)(II) and Title 47 U.S.C. § 605(e)(3)(C)(ii) for the Defendant's violations of 47 U.S.C. § 605(a);

3. Costs pursuant to 17 U.S.C. § 1203(b)(5) and 47 U.S.C. § 605(e)(3)(B)(iii);

4. Attorneys fees pursuant to 17 U.S.C. § 1203(b)(5) and 47 U.S.C. § 605(e)(3)(B)(iii); and

5. Post judgment interest running on the judgment pursuant to 26 U.S.C. § 1961.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that pursuant to Title 47 U.S.C.§ 605(B)(i) and 17 U.S.C. § 1203(b)(1) and traditional equitable considerations, a Permanent Injunction is entered against the Defendant, Tony Hipps, and all other persons acting or claiming to act on his behalf or under his direction or

authority and all persons acting in concert or in participation with him are hereby **ENJOINED** from:

1. Manufacturing, importing, offering to the public, providing, modifying, or otherwise trafficking in any EchoStar Technologies receivers or so called "Free to Air" (FTA) receivers that have been modified without authorization, any NagraStar smart cards that have been modified without authorization, any DISH Network satellite pirating device regardless of form, including smart cards that have been programmed with DISH Network pirate software, so called "pirated modified receivers" or any other technology, product, service, software, device, component, or part thereof, including any device for utilization with Control Word Sharing or Internet Key Sharing ("IKS") technology, that:

    a.  is primarily designed or produced for the purpose of circumventing the encryption protection contained in the software on NagraStar's smart cards or contained within EchoStar Technologies' receivers or any other technological measure adopted by DISH Network, EchoStar Technologies and/or NagraStar that effectively controls access to copyrighted programming or effectively protects the exclusive rights afforded the owners of copyrighted programming;

    b.  has only limited commercially significant purpose or use other than to circumvent DISH Network's encryption access control

    protection or any other technological measure adopted by DISH Network, EchoStar Technologies and/or NagraStar that effectively controls access to copyrighted programming or effectively protects the exclusive rights afforded the owners of copyrighted programming; and

  c. is knowingly marketed by Defendant Hipps and/or others acting in concert with him for use in circumventing DISH Network's encryption access control protection or any other technological measure adopted by DISH Network and/or EchoStar Technologies and/or NagraStar that effectively controls access to copyrighted programming or effectively protects the exclusive rights afforded the owners of copyrighted programming.

2. Assembling, modifying, selling, advertising, marketing, possessing, transporting, and/or distributing through any means any FTA receiver, EchoStar Technologies receiver or NagraStar smart card that has been modified without authorization or any other electronic, mechanical, or other devices, including smart cards, FTA receivers that have been programmed with pirate software, and the pirate software itself, the design of which renders them primarily useful for the purpose of the surreptitious interception of electronic communications and/or the unauthorized interception of DISH Network's satellite signals.

3. Assembling, modifying, selling, advertising, marketing, possessing,

transporting and/or distributing through any means any type of FTA receiver, including but not limited to FTA receivers with smart card readers installed and including but not limited to FTA receivers with an Ethernet port attachment which allows for a continual direct Internet connection with the FTA receiver such as the "nFusion" receiver or FTA receiver or so-called "dongle" designed or modified or programmed for utilization with IKS technology, where the Defendant or those acting with the Defendant are:

a. Selling or distributing FTA receivers that are already pre-programmed with DISH Network pirate software; and/or

b. Selling or distributing FTA receivers or other devices that are designed or modified or programmed for use with IKS; and/or

c. Programming the FTA receivers with DISH Network pirate software before distribution to the FTA receiver customers; and/or

d. Distributing, in any manner, directly or indirectly, the DISH Network piracy software to the FTA receiver customers and others including but not limited to distributing the DISH Network piracy software by e-mail attachments or distributing the DISH Network piracy software by delivering the software contained on a software holding device; and/or

e. Directing, in any way, the FTA receiver customers to piracy

        websites, piracy forums, and/or piracy chat rooms where the DISH Network pirate software is available (pirate websites); and/or

    f. Operating, either directly or indirectly, piracy websites, piracy forums, and/or piracy chat rooms where the DISH Network pirate software is available (pirate websites);

    g. Intentionally utilizing third parties to effectuate having the FTA receiver customer's FTA receiver ultimately programmed with DISH Network piracy software;

    h. Subsidizing the pirate websites, including subsidizing the pirate websites through advertising on the pirate websites; and

    i. Utilizing website hyperlinks back and forth between any websites operated or controlled by Defendant and the piracy websites;

4. Selling or distributing peripheral devices which are of assistance to the FTA receiver customers to effectuate the unauthorized interception of DISH Network signals, including but not limited to card readers and dish antennas which are designed to receive premium channel satellite signals as opposed to true FTA signals.

5. Utilizing any electronic or mechanical equipment of any type designed for the unauthorized interception of the Plaintiffs' signal in violation of provisions of any federal or North Carolina law including provisions of Title 47 and/or Title 17.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that

1. Pursuant to Title 47 U.S.C. § 605(B)(i) and 17 U.S.C. § 1203(b)(2) and traditional equitable considerations, that all items and any money seized pursuant to the civil seizure order of this Court as set forth on the United States Marshal's return of service to this Court are permanently and unequivocally surrendered to Plaintiffs with said title to said properties now being with Plaintiffs.

2. That there being no further need for any bond in this Civil Action, that the bond posted by the Plaintiffs shall be returned to them upon the docketing of this judgment

3. That the other counts of the Plaintiffs' Complaint are **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

\* \* \*

Defendant Hipps is advised that violations of the injunctive relief herein provided are punishable through contempt, sanctions for which may include an award of additional monetary damages, fees and costs, and/or incarceration.

\* \* \*

Plaintiffs are advised that they have 14 days within which to apply to the court for the *statutorily* provided attorney fees and costs which are allowed by this Order.

**If** they chose to make application, they should support such request with verified time sheets or affidavits as to time expended in prosecution of the action *against Defendant Hipps*, the hourly fee they charged, and evidence concerning reasonable rates for similar legal services in the Asheville Division. Similar verified information would also be required for statutory costs, including the costs of the investigation. Finally, plaintiffs are advised that such allowance of costs is not intended to preclude them from applying to the Clerk of this court for costs allowed under the Federal Rules of Civil Procedure and the Local Civil Rules of this court.

Signed: August 17, 2009

Dennis L. Howell
United States Magistrate Judge